IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:16-cr-00197 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| ROMA L. SIMS, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter comes before the Court on a Motion for Compassionate Release filed by Roma L. Sims. (ECF No. 67). For the following reasons, Defendant's Motion is **DENIED without prejudice.**

## I. BACKGROUND

On June 22, 2018, Roma L. Sims was sentenced to 12 months of imprisonment for one count of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and (b)(2), and 1 day of imprisonment for one count of Wire Fraud, in violation of 18 U.S.C. § 1343, to be served consecutively to each other. (ECF No. 51). The sentence in this case was also to be served consecutively to the Defendant's sentence of 100 months of imprisonment and 3 years of supervised release for wire fraud, conspiracy to engage in fraud, and aggravated identity theft, in Case No. 2:13-CR-00036 before Judge Edmund A. Sargus. (ECF No. 70 at 3). He is currently incarcerated at FCI Miami. On August 27, 2020, Mr. Sims submitted a *pro se* Motion for Compassionate Release, seeking to be released due to the COVID-19 pandemic and his medical conditions that he alleges put him at greater risk of serious illness or death if he contracts the virus. (ECF No. 67). On September 2, 2020, CJA counsel was appointed for Mr. Sims, and on September

15, 2020, CJA counsel filed a notice of intent to supplement the Defendant's *pro se* motion in accordance with this Court's Amended General Order 20-21. (ECF No. 69). On September 28, 2020, the supplemental memorandum to Mr. Sims's motion for compassionate release was filed, arguing that Mr. Sims has exhausted his administrative remedies, that Mr. Sims suffers from hypertension and obesity, which place him at an increased risk of serious illness or death from COVID-19, and that the § 3553(a) factors support a compassionate release with a transition to home confinement. (ECF No. 70). On October 9, 2020, the Government filed its Response in Opposition, arguing the motion should be denied for failure to exhaust administrative remedies. (ECF No. 71).

## II.    LAW & ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has found that the statute's requirement that an individual must "fully exhaust[] all administrative rights to appeal" with the prison or to wait 30 days after the date of submission of an unanswered or denied but final request to be a "mandatory condition." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Mr. Sims indicates that he submitted a BP-8 to his warden on May 20, 2020, requesting compassionate release. (ECF No. 70 at 7; ECF No. 70 Ex. A). He received a denial of that request from the Warden on June 8 and 10, 2020. (ECF No. 70 at 7; ECF No. 70 Ex. B). On June 18, 2020, Mr. Sims appealed the warden's denial of his request and on July 23, 2020, the warden denied his

appeal. (ECF No. 70 at 7; ECF No. 70 Ex. C). Mr. Sims then waited thirty days after this second denial to file his *pro se* emergency motion for compassionate release. (ECF No. 70 at 7). In its Response, the Government submits that Mr. Sims has failed to exhaust his administrative remedies for compassionate release as the warden's July 23, 2020 response "does not constitute the final administrative action in this matter." (ECF No. 71 at 2). The Government contends that the July 23, 2020 denial provided another level of appeal that Mr. Sims needed to exhaust prior to being able to seek compassionate release from this Court. (ECF No. 71 at 2; ECF No. 71 Ex. A; ECF No. 70 Ex. C).

This Court finds Mr. Kelly is not eligible for compassionate release from the Court because he has not demonstrated that he has exhausted his administrative remedies with the BOP, specifically that he has not exhausted all of his administrative appeals. Because Mr. Sims did not submit an appeal to the Regional Office within 20 days of the July 23, 2020 denial of compassionate release from Warden Jenkins, Mr. Sims has failed to avail himself of all administrative remedies. In the First Step Act, Congress imposed a mandatory requirement on courts to enforce the exhaustion requirement. *See* 18 U.S.C. § 3582(c) ("The *court may not* modify a term of imprisonment" except "upon motion of defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden.") (emphasis added). When Congress directs "obligatory language toward the courts," Congress has imposed "unyielding procedural requirements 'impervious to judicial discretion.'" *United States v. Dowl*, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam) (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)).

Until Mr. Sims has exhausted all of his administrative appeals, or until 30 days have passed from the filing of Defendant's last appeal with no response from BOP, his administrative remedies have not been exhausted. As such, this Court finds that the statutory language of 18 U.S.C. § 3582(c)(1)(A) does not permit discretion to excuse Mr. Sims's failure to fully exhaust his administrative remedies by filing an appeal with the Regional Office. This Court is sympathetic to the dangers posed by the COVID-19 pandemic and the heightened vulnerability of individuals with underlying health conditions. At this time, however, this Court need not reach the question of whether the Defendant's motion alleges a sufficiently extraordinary and compelling reason to justify his release. Once he has exhausted his administrative remedies, he can file a motion with this Court pursuant to 18 U.S.C. § 3582(c)(1)(A).

For these reasons, Mr. Sims's Motion for Compassionate Release (ECF No. 67) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

                                                 s/ Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 26, 2020**